# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: December 4, 2023

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | * | |
| FREDERICK MESSER, | * | No. 20-369V |
| | * | |
| Petitioner, | * | Special Master Sanders |
| | * | |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * | * | |

*Emily Ashe,* Anapol Weiss, Philadelphia, PA, for Petitioner.
*Benjamin Warder*, U.S. Department of Justice, Washington, DC, for Respondent.

## **DISMISSAL**[1]

On April 1, 2020, Frederick Messer ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program[2] ("Vaccine Program" or "Program"). 42 U.S.C. § 300aa-10 to 34 (2012). Petitioner alleged that he suffered from Guillain-Barré Syndrome ("GBS") due to an influenza ("flu") vaccine administered on October 17, 2018. Pet. at 1, ECF No. 1.

The information in the record, however, does not show entitlement to an award under the Program. On November 2, 2023, I held a status conference with the parties to discuss the case. Specifically, I advised Petitioner that expert reports without further medical records providing a GBS diagnosis and subsequent treatment will likely not meet the preponderance standard. That same day, I issued a Scheduling Order directing Petitioner to submit a Status Report or an appropriate pleading indicating how he would like to proceed in this matter. ECF No. 46.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755 ("the Vaccine Act" or "Act"). Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On December 1, 2023, Petitioner filed a motion for a decision dismissing his petition. ECF No. 47. In his motion, Petitioner stated that "[a]fter a review of Respondent's Rule 4(c) Report, the Court's Order to Show Cause, a Rule 5 Conference and further examination of the facts supporting his case, Petitioner has determined that he will be unable to prove that he is entitled to compensation in the Vaccine Program." Pet. Motion to Dismiss, ECF No. 47 at ¶ 1. He continued, "[a]fter consultation with his counsel, Petitioner has thus agreed to not proceed further with this claim." *Id.* at ¶ 2.

To receive compensation under the Program, Petitioner must prove either (1) that Petitioner suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to the vaccination, or (2) that Petitioner suffered an injury that was actually caused by a vaccine. *See* §§ 13(a)(1)(A), 11(c)(1). An examination of the record did not uncover evidence that Petitioner suffered a "Table Injury." Further, the record does not contain persuasive evidence that Petitioner's alleged injuries were caused by the flu vaccine.

Under the Act, petitioners may not be given a Program award based solely on their claims alone. Rather, the petition must be supported by medical records or the opinion of a competent physician. § 13(a)(1). In this case, the medical records are insufficient to prove Petitioner's claim, and at this time, Petitioner has not filed a supportive opinion on causation from an expert witness. Therefore, this case must be **dismissed for insufficient proof. The Clerk shall enter judgment accordingly**.[3]

**IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of a notice renouncing the right to seek review.